IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON GULLY, #R56606,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 24-cv-01404-SMY |
| ) | |
| **PERCY MYERS,** ) | |
| **JANE DOE 1, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Gully, an inmate in the custody of the Illinois Department of Corrections (IDOC), currently incarcerated at Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of medical care at Vienna Correctional Center. (Doc. 1). The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-38): Plaintiff was diagnosed with high blood pressure in August 2021, just before transferring from Hill Correctional Center to Vienna Correctional Center on October 20, 2021. *Id*. at 3. During his intake interview, Plaintiff reported his high blood pressure diagnosis to an unknown medical provider (Jane Doe). He also complained of persistent chest pain, shortness of breath, and left-sided numbness of his face, chest, and arm. Jane Doe took no steps to address his complaints or treat him. *Id*.

1

Dr. Percy Myers first met with Plaintiff on October 25, 2021.  Plaintiff again reported his high blood pressure and ongoing chest pain, breathing difficulties, and left-side numbness.  *Id*.  He also reported that security staff called three separate Code 3 medical emergencies when he suffered from these symptoms at Hill.  *Id*.  Plaintiff complained of the same symptoms to Dr. Myers again on November 1, 2021 and January 10, 2022.  Dr. Myers took no action to address the complaints or treat Plaintiff.  *Id*.  Plaintiff also reported these ongoing symptoms to a nurse during nurse sick call approximately 30 minutes before seeing Dr. Myers on January 10, 2022.  *Id*. at 6.

Security staff called a Code 3 medical emergency on February 15, 2022, when Plaintiff was found breathless in Building 19 while making his way to the health care unit.  *Id*. at 6.  He was taken to the nurse, where he reported months of persistent chest pain, breathing difficulties and left-sided numbness.  Following blood tests, he was taken to the hospital for evaluation.  *Id*.

Plaintiff underwent a coronary angiogram that revealed a left anterior descending artery and myocardial infarction. .  *Id*. at 7.  He was scheduled for cardiac stent surgery on April 6, 2022.  During the procedure, surgeons discovered that his condition was worse than expected and that he needed open-heart surgery.  He returned to the hospital for coronary bypass surgery on June 3, 2022.  *Id*.

The 5-month delay in treatment of Plaintiff's high blood pressure, chest pain, breathing difficulties, and left-side numbness amounted to deliberate indifference by Jane Doe, Dr. Myers, and Wexford Health Sources, Inc., which had a policy of delaying or denying offsite medical care.  Plaintiff sues all three defendants in their individual and official capacities for money damages.  *Id*. at 8-13.

**Preliminary Dismissals**

Plaintiff refers to several individuals in the statement of his claim who are not identified as defendants in the Complaint, including security staff and nursing staff. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties").

**Discussion**

Based on the above allegations, the Court designates the following claims in this *pro se* Complaint:

Count 1: Eighth Amendment claim against Dr. Myers and Jane Doe for delaying or denying treatment of Plaintiff's high blood pressure, chest pain, breathing difficulties, and left-side numbness in 2021-22, resulting in left anterior arterial blockage, myocardial infarction, and open-heart surgery in 2022.

Count 2: Eighth Amendment claim against Wexford for its policy requiring medical providers at the prison to delay or deny offsite medical care, in violation of Plaintiff's rights under the Eighth Amendment.

Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Eighth Amendment governs claims for the denial of medical care. U.S. CONST., amend VIII. To state a viable claim, a plaintiff must first describe an objectively serious medical condition, such as one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The complaint allegations must also suggest that each defendant responded with deliberate indifference, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

Plaintiff's allegations of persistent high blood pressure, chest pain, breathing difficulties, and left-sided numbness satisfy this pleading standard. And the alleged 5-month delay in treating Plaintiff's symptoms suggest deliberate indifference against Dr. Myers and Jane Doe. *Arnett v. Webster*, 658 F.3d 742 (7th Cir. 2011); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (delay in treating even non-life-threatening but painful conditions may amount to deliberate indifference where it exacerbates an injury or unnecessarily prolongs pain). Therefore, Count 1 will proceed against Dr. Myers and Jane Doe (once identified), in their individual capacities. However, the official capacity claims for money damages against these defendants are barred by the Eleventh Amendment and the doctrine of sovereign immunity; those claims will be dismissed with prejudice. The Warden of Vienna Correctional Center will be added as a defendant, in an official capacity, for purposes of responding to discovery aimed at identifying Jane Doe.

To proceed against Wexford, Plaintiff must sufficiently allege that a policy, custom, or practice attributable to the private corporation caused a violation of his constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff's allegations fall short. He alleges in conclusory fashion that Wexford had a policy of delaying or denying offsite medical care but does not include facts suggesting that Dr. Myers' and Jane Doe's decision to ignore his complaints resulted from or were related to the policy. Therefore, Count 2 against Wexford will be dismissed without prejudice for failure to state a claim.

## Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **PERCY MYERS** and **JANE DOE (once identified)**, in their individual capacities. The official capacity claims against these defendants are **DISMISSED** with prejudice.

**COUNT 2** is **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.** for failure to state a claim.

The **WARDEN OF VIENNA CORRECTIONAL CENTER** (official capacity only) is **ADDED** as a defendant and is responsible for responding to discovery aimed as identifying Jane Doe by name.

The Clerk shall prepare for the **WARDEN OF VIENNA CORRECTIONAL CENTER** (official capacity only), **DR. MYERS,** and **JANE DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Warden of Vienna Correctional Center need only appear in this matter and need not file an answer. All other defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated**

**in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the WARDEN OF VIENNA CORRECTIONAL CENTER (official capacity only) and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   September 10, 2024**              *s/ Staci M. Yandle*
                                             **STACI M. YANDLE**
                                             **United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.